IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CANTRELL HILL, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:09-CV-6-CDL-GMF |
| | | 42 U.S.C. § 1983 |
| STATE OF GEORGIA, MUSCOGEE | * | |
| COUNTY, GEORGIA, | | |
| LEW S. BARROW, | * | |
| DOUGLAS C. PULLEN, | | |
| Defendants. | * | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION OF DISMISSAL**

Plaintiff has filed the above-styled action pursuant to 18 U.S.C. § 1983, along with a motion to proceed without the prepayment of the $350 filing fee or security therefor. As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In accordance with the Prison Litigation Reform Act (PLRA), the Warden of the

institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Preliminary Review

Petitioner's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the PLRA as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S. C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).

In his complaint, Plaintiff states that he is currently incarcerated in Hancock State Prison. (R-1). Plaintiff alleges violations of the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Fourteenth Amendments as a result of the redaction and amendment of his indictment during his trial. *Id.* Plaintiff alleges that he was the victim of malicious prosecution and false imprisonment at the hands of Defendants. *Id.* Plaintiff seeks damages in the amount of $25,000, per day spent imprisoned. *Id.*

As to Plaintiff's malicious prosecution claim, in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

The *Heck* court relied upon "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgements . . . ." *Id.* Pursuant to *Heck*, as Plaintiff's sentence has not been invalidated, his cause of action for malicious prosecution has not yet accrued under § 1983.

Plaintiff's false imprisonment claim is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law. *Baker v. McCollan*, 443 U.S. 137, 145-146, 99 S. Ct. 2689, 2695-96 (1979) (holding, in a case involving a false imprisonment claim, that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law").

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be

**DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2), for the above-stated reasons. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 27th day of January, 2009.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE

lml